IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CHRISTINE SMITH,

        Plaintiff,        Case No.

v.        Judge
        JURY DEMAND

ADMIRAL TITLE, INC.,

        Defendant.

_____/

## COMPLAINT

Plaintiff, Christine Smith ("Ms. Smith"), worked at Admiral Title, Inc. ("Admiral Title") for over a year and a half when she was terminated for requesting leave for medical treatment of her generalized anxiety disorder and major depressive disorder. Admiral Title terminated Ms. Smith thirty minutes after she informed her supervisor that she suffered from mental health disorders and needed time off for a doctor's visit for treatment. Thus, Ms. Smith brings this Complaint for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

## PARTIES

1.        Plaintiff, Christine Smith, ("Ms. Smith") is a citizen and resident of Maury County, Tennessee. Plaintiff worked remotely for Defendant.

2.        Defendant Admiral Title, Inc. ("Admiral Title") is a Tennessee corporation. Its registered agent for service of process is Terry G. Adams, 8517 Kingston Pike, Knoxville, TN 37919-5354.

1

3.     At all times material to this action, Defendant was an employer within the meaning of the ADA, 42 U.S.C. § 12111.

## JURISDICTION AND VENUE

4.      This is an action for unlawful employment practices brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

5.     The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6.     Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et seq.,* to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; 180 days have passed since the filing of her charge of discrimination, a right to sue letter has been issued, and thus, the charge prerequisites have been satisfied.

## FACTS

7.     Ms. Smith worked as a Processor for Admiral Title from July 2021 until her termination on February 10, 2022.

8.     Ms. Smith worked remotely from her home in Columbia, Tennessee.

9.     In the spring of 2021, Ms. Smith was diagnosed with generalized anxiety disorder and major depressive disorder. Her anxiety disorder causes insomnia, difficulty breathing, and difficulty concentrating during flare-ups. Her anxiety can lead to depressive episodes, where she experiences loss of motivation, fatigue, and feelings of overwhelm.

10.    In February 2022, Ms. Smith noticed an increase in her anxiety symptoms. Concerned about it affecting her work and potentially leading to a depressive episode, she sought

to make an appointment with her treating physician.

11.     On February 10, 2022, Ms. Smith asked her supervisor, Greg Hopkins, if she could have some time off in the next couple of weeks to visit her doctor. She explained her anxiety disorder and its symptoms and let him know that she wanted to see her physician to treat them.

12.     Mr. Hopkins told Ms. Smith she could take the next day, February 11, 2022, to visit her doctor. Ms. Smith told him it did not need to be that soon, but Mr. Hopkins insisted.

13.     After this conversation, Ms. Smith called her doctor and made an appointment for the following day.

14.     About thirty minutes after her conversation with Mr. Hopkins, Mr. Hopkins called Ms. Smith again and informed her that she was terminated.

## COUNT I
## Violation Of ADA/ADAAA – Disability Discrimination

15.     Plaintiff restates and incorporates herein the above paragraphs.

16.     Pursuant to the ADAAA, an individual is considered to have a disability if she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

17.     Plaintiff was a qualified individual with a disability as she had an emotional or mental illness.

18.     Plaintiff was terminated because of her disability and/or due to her request for reasonable accommodation.

19.     Plaintiff could perform the essential functions of her job with an accommodation. Plaintiff made a request for a reasonable accommodation when she asked for leave to see her doctor for treatment of her disorder.

20.     Plaintiff was discriminated against and terminated because of her disability.

3

21.     Defendant did not make a good faith effort to accommodate Plaintiff's disability.

22.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

23.     As a result, Plaintiff is entitled to recover her damages, including actual damages, lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT II
## Violation of ADAAA - Retaliation

24.     Plaintiff restates and incorporates herein the above paragraphs.

25.     It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

26.     Plaintiff engaged in protected activity under the ADA when she made a request for reasonable accommodation by requesting leave to see her physician to treat her anxiety disorder and depression.

27.     In violation of the ADAAA, Defendant retaliated against Plaintiff by terminating her employment.

28.      As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

29.     As a result, Plaintiff is entitled to recover her damages, including actual damages, lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest,

4

reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT III
### Violation of TDA – Disability Discrimination

30.     Plaintiff restates and incorporates herein the above paragraphs.

31.     Pursuant to the TDA, an individual is considered to have a disability if she has a physical or mental impairment that substantially limits one or more major life activities.

32.     Plaintiff was a qualified individual with a disability.

33.     Defendant discriminated against Plaintiff on the basis of her disability in violation of the TDA when it terminated Plaintiff for being disabled.

34.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

35.     As a result, Plaintiff is entitled to recover her damages, including actual damages, lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1.     A jury trial;

2.     Judgment in favor of Plaintiff and against Defendant on all counts in this action;

3.     Back pay and damages for lost benefits or actual costs;

4.     Reinstatement or front pay;

5.     Compensatory damages for embarrassment, humiliation, stress, anxiety,

5

inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Caroline Drinnon BPR # 037016
Ashley Shoemaker Walter BPR # 037651
HMC Civil Rights Law PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

6